ISAAC BEAN v. THE STATE.

No. 6247.    Decided June 1, 1921.

Murder—Threats—Self-defense—Requested Change.

Where, upon trial of murder, there was evidence of threats accompanied by a demonstration, but in the absence of a requested charge correcting the omission of the main charge upon this phase of the case, and under the peculiar facts of the instant case, which showed that death appeared to result from injuries inflicted by the defendant, after deceased had fled from the premises, there was no reversible error.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of murder; penalty, five years' imprisonment in the penitentiary.

The opinion states the case. .

No brief on file for appellant.

R. H. *Hamilton*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Polk County of murder, and his punishment fixed at con-

finement in the penitentiary for five years.

Appellant killed his brother-in-law. The facts showed that the sister of appellant, wife of deceased, had received at the latter's hands continued cruel treatment beginning soon after her marriage and culminating shortly before this homicide in a brutal assault upon her by deceased in which two of her ribs were broken and she was otherwise seriously injured. It appears that after said assault she escaped from her home, hid in the woods, and later made her way to her father's house where her brother, appellant herein, lived. The bad reputation of deceased as being that of a violent and dangerous man seemed fully proven, and it was in testimony that he had repeatedly threatened the extermination of the whole Bean family, stating to one witness that he was going to Livingston and get a Winchester and wipe out the whole family, and to another that he was going into the army, but that before he left he was going to kill out the whole Bean family, and these threats had been communicated to appellant before the homicide. On the night in question deceased came to the home in which the Bean family lived, called out from the gate, and demanded to see his wife. She came to the door, and he then commanded her to accompany him home. She turned back into the house, and he advanced toward the building and was shot by this appellant from a window. Appellant is a negro boy eighteen or nineteen years old, and the proof further shows that after shooting at deceased from said window, he pursued the latter a distance of several hundred yards from the house, finally overtaking him, and that he then shot him again, clubbed his gun and beat deceased over the head until he was dead or practically so. No other motive appears for the killing than that appellant was desirous of protecting his sister and his father's family, and that he was afraid of deceased. The record appears before us without a bill of exceptions either to the taking or rejection of evidence, or to the charge of the trial court. The trial court did not submit the law of homicide in defense of one's person in a case wherein the accused relies upon threats accompanied by a demonstration, but inasmuch as no special charge was asked correcting this omission, and in view of the further fact that the fatal shot, or the infliction of the injuries from which death appeared to result, took place after deceased had fled from the premises, we would not feel at liberty to hold the failure to give said charge as any serious error. The jury had the facts before them and saw fit to give to appellant the lowest punishment for the offense charged.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*